IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

FILED
2013 JUL 26 P 2:20

| | | |
|---|---|---|
| VICTORIA D. JOHNSON<br>3646 Lynnfield Road<br>Shaker Heights, Ohio 44122 | ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff | ) ) ) | |
| v. | ) ) | Complaint<br>JOSE' A VILLANUEVA<br>CV 13 811326 |
| UNIVERSITY HOSPITALS<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106 | ) ) ) ) ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

Now comes the plaintiff, by and through counsel, and for her complaint against the defendant, avers and states as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction over the claims in the within action pursuant to 42 U.S.C. §2000e-5(f); R.C. 4112.99 and the common law of the State of Ohio.

2. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about October 10, 2012, Charge No. 532-2013-00099. Plaintiff was issued a Notice of Suit Rights on April 29, 2013, and has filed the within action within 90 days of her receipt of said Notice of Suit Rights.

DEPOSITED
JUL 26 2013

## VENUE

3. This Honorable Court has venue over the claims in the within action pursuant to Rules 3(B)(1), (3) and (6) of the Ohio Rules of Civil Procedure in that defendant maintains its principle place of business in and within Cuyahoga County, Ohio, defendant conducted activity that gave rise to some or all of plaintiff's claims in and within Cuyahoga County, Ohio, and all or part of plaintiff's claims for relief arose in and within Cuyahoga County, Ohio.

## PARTIES

4. During all times relevant hereto, plaintiff Victoria Johnson was employed by defendant University Hospitals as a Provider Enrollment Specialist. Plaintiff Victoria Johnson was an "employee" of defendant University Hospitals within the meaning of 42 U.S.C. §12111(4) and R.C. 4112.01(A)(3).

5. During all times relevant hereto, defendant University Hospitals was and is a corporation organized and existing under the laws of the State of Ohio. Defendant University Hospitals was and is an "employer" within the meaning of 42 U.S.C. §12111(5) and R.C. 4112.01(A)(2).

## FACTUAL ALLEGATIONS

6. The allegations set forth in Paragraphs One through Five of Plaintiff's Complaint and Jury Demand are incorporated as if fully rewritten herein.

7. Defendant University Hospitals is a major medical provider based in Cleveland, Ohio, that provides medical services to patients who receive their health care treatment through the federal Medicare program. As an approved Medicare provider, defendant University Hospitals and its employees are required by law to comply with all laws relating to providing

medical services under the Medicare program, including all regulations duly enacted by the U.S. Department of Health and Human Services and the Centers for Medicare & Medicare Services.

8. Plaintiff Victoria Johnson began her employment with defendant University Hospitals in approximately September, 2007, as a "Provider Enrollment Clerk." Plaintiff Victoria Johnson was subsequently promoted to the position of "Provider Enrollment Specialist" in approximately September, 2011.

9. A significant portion of plaintiff Victoria Johnson's job with defendant University Hospitals involved the preparation and submission of provider applications for employees of University Hospitals who provided medical services to patients whose medical coverage was paid for through Medicare. These duties included properly completing what is referred to as the "CMS 8551" form, which is the Medicare Enrollment Application for physicians and non-physician practitioners. This form must be completed in the manner required by the "CMS Manual System" issued by the U.S. Department of Health and Human Services and the Centers for Medicare & Medicaid Services.

10. During all time periods relevant hereto, regulations contained in the CMS Manual System required that all "CMS 8551" forms submitted by or on behalf of physicians and non-physician practitioners contain both an address and phone number at which the provider could be directly contacted. Said regulations further specifically prohibited the use of phone numbers for billing agencies and management companies.

11. Plaintiff was instructed by supervisors at defendant University Hospitals, including Steve Riddle and Sheryl Johnson, to complete that "CMS 8551" forms using the address and telephone numbers for University Hospital's billing department, at which the providers could not be directly contacted.

12. When plaintiff complied with the directives given to her by Steve Riddle and Sheryl Johnson, several CMS 8551 applications that plaintiff completed and submitted were rejected because the agencies processing the applications could not confirm that the providers could be directly contacted at the address and phone numbers provided for defendant University Hospitals' billing department. Plaintiff was further directed by the entity processing said applications to provide addresses and phone numbers at which the providers could be directly contacted.

13. When plaintiff confronted management officials at defendant University Hospitals, including Steve Riddle and Sheryl Johnson, regarding the rejection of provider applications because the providers could not be directly contacted, she was instructed to disregard what she had been told and to continue to use the address and telephone numbers for University Hospital's billing department. When plaintiff did so, provider applications prepared by the plaintiff continued to be rejected and plaintiff continued to be instructed by the entity processing said applications to provide addresses and phone numbers at which the providers could be directly contacted.

14. When plaintiff again confronted her supervisors at defendant University Hospitals regarding this matter, including Steve Riddle and Sheryl Johnson, and informed them that she was going to complete the provider applications in the manner that the entity processing the applications instructed her to, plaintiff was placed on an involuntary administrative leave of absence and instructed to undergo a fitness for duty evaluation.

15. Plaintiff was thereupon notified by defendant that she was unfit to work and was ordered to undergo a psychiatric evaluation and a drug and alcohol screening.

16. Plaintiff during all times was mentally and physically capable of performing her job duties for defendant University Hospitals.

17. While plaintiff was on involuntary administrative leave and being withheld from service, she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging that she was improperly being regarded as disabled by defendant University Hospitals and withheld from performing her job duties.

18. On October 4, 2012, plaintiff notified defendant University Hospitals and Steve Riddle and Sheryl Johnson that she had filed the Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

19. On or about October 8, 2012, after receiving copies of the Charge of Discrimination that plaintiff had filed with the U.S. Equal Employment Opportunity Commission, plaintiff met with her supervisors, including Steve Riddle and Sheryl Johnson, regarding returning to work. Defendant University Hospitals had actual notice that plaintiff had filed the Charge of Discrimination against defendant University Hospitals alleging regarded-as disability discrimination pertaining to her prior removal from service.

20. During said meeting, plaintiff was confronted regarding the manner in which she would prepare the CMS 8851 applications. When plaintiff informed defendant that she would prepare the forms in the manner required by the CMS Manual System, she was informed that her employment was immediately terminated.

## FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act, As Amended)

21. The allegations set forth in Paragraphs 1 through 20 of Plaintiff's Complaint and Jury Demand are incorporated as if fully rewritten herein.

22. The actions of defendant University Hospitals described herein constitute unlawful discrimination against the plaintiff on the basis of a perceived disability and further constitute retaliation against the plaintiff for having filed a Charge of Discrimination against defendant University Hospitals, in violation of the Americans with Disabilities Act, as Amended.

23. As a direct and proximate result thereof, plaintiff has sustained economic and other compensatory damages in an amount to be determined at the trial of the within action.

24. The actions of defendant University Hospitals were further done with actual malice and deliberate indifference to plaintiff's rights under the Americans with Disabilities Act, as amended, entitling her to recover punitive damages from defendant University Hospitals.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against defendant University Hospitals, including lost wages, compensatory damages, reinstatement and/or front pay, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
(Disability Discrimination and Retaliatory Discharge – R.C. Chapter 4112)

25. The allegations set forth in Paragraphs 1 through 24 are incorporated as if fully rewritten herein.

26. Defendant's removal of plaintiff from her employment and subsequent termination of her employment constituted discrimination on the basis of a perceived disability and retaliation for filing a Charge of Discrimination, in violation of R.C. 4112.02(A) and (I).

27. As a direct and proximate result thereof, plaintiff has sustained economic and other compensatory damages in an amount to be determined at the trial of the within action.

28. The actions of defendant University Hospitals were further done with actual malice and deliberate indifference to plaintiff's rights under the Americans with Disabilities Act, as amended, entitling her to recover punitive damages from defendant University Hospitals.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against defendant University Hospitals, including lost wages, compensatory damages, reinstatement and/or front pay, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

_____
Mark P. Herron (0051998)
75 Public Square, Suite 920
Cleveland, Ohio 44113
(216) 280-2828  FAX (216) 696-0075
Email: herronlaw@msn.com

Attorney for Plaintiff