IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICTORIA D. JOHNSON ) | CASE NO. 1:13-CV-2012 |
| ) | |
| Plaintiff ) | JUDGE DONALD NUGENT |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY HOSPITALS ) | |
| PHYSICIAN SERVICES ) | |
| c/o Janet Miller, Statutory Agent ) | |
| 3605 Warrensville Center Road, ) | |
| MSC 9110 ) | |
| Shaker Heights, Ohio 44122 ) | |
| ) | |
| Defendant ) | |

## AMENDED COMPLAINT AND JURY DEMAND

Now comes the plaintiff, by and through counsel, and for her Amended Complaint against the defendant, avers and states as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction over plaintiff's federal claims in the within action pursuant to 42 U.S.C. §2000e-5(f). This Honorable Court has supplemental jurisdiction over plaintiff's state law claims for relief pursuant to 28 U.S.C. §1367(a) in that plaintiff's state claims for relief are so related to plaintiff's claims within this Honorable Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about October 10, 2012, Charge No. 532-2013-00099. Plaintiff was issued a Notice of Suit Rights on April 29, 2013, and originally filed the within action in the Cuyahoga County Common Pleas Court within 90 days of her receipt of said Notice of Suit Rights.

## VENUE

3. This Honorable Court has venue over the claims in the within action pursuant to 28 U.S.C. 1391(a) in that a substantial part of the events or omissions giving rise to plaintiff's claims for relief arose in and within this judicial district.

## PARTIES

4. During all times relevant hereto, plaintiff Victoria Johnson was employed by defendant University Hospitals Physician Services as a Provider Enrollment Specialist. Plaintiff Victoria Johnson was an "employee" of defendant University Hospitals Physician Services within the meaning of 42 U.S.C. §12111(4) and R.C. 4112.01(A)(3).

5. During all times relevant hereto, defendant University Hospitals Physician Services was and is a corporation organized and existing under the laws of the State of Ohio. Defendant University Hospitals Physician Services was and is an "employer" within the meaning of 42 U.S.C. §12111(5) and R.C. 4112.01(A)(2).

## FACTUAL ALLEGATIONS

6. The allegations set forth in Paragraphs One through Five of Plaintiff's Complaint and Jury Demand are incorporated as if fully rewritten herein.

7. Defendant University Hospitals Physicians Services is affiliated with several medical providers that are commonly known and referred to in the Greater Cleveland area as

"University Hospitals" that provide medical services to patients who receive their health care treatment through the federal Medicare program.  As approved Medicare providers, the entities that comprise "University Hospitals" and their employees are required by law to comply with all laws relating to providing medical services under the Medicare program, including all regulations duly enacted by the U.S. Department of Health and Human Services and the Centers for Medicare & Medicare Services.

8. Plaintiff Victoria Johnson began her employment with defendant University Hospitals Physician Services in approximately September, 2007, as a "Provider Enrollment Clerk."  Plaintiff Victoria Johnson was subsequently promoted to the position of "Provider Enrollment Specialist" in approximately September, 2011.

9. A significant portion of plaintiff Victoria Johnson's job involved the preparation and submission of provider applications for employees of the various entities comprising "University Hospitals" who provided medical services to patients whose medical coverage was paid for through Medicare.  These duties included properly completing what is referred to as the "CMS 8551" form, which is the Medicare Enrollment Application for physicians and non-physician practitioners.  This form must be completed in the manner required by the "CMS Manual System" issued by the U.S. Department of Health and Human Services and the Centers for Medicare & Medicaid Services.

10. During all time periods relevant hereto, regulations contained in the CMS Manual System required that all "CMS 8551" forms submitted by or on behalf of physicians and non-physician practitioners contain both an address and phone number at which the provider could be directly contacted.  Said regulations further specifically prohibited the use of phone numbers for billing agencies and management companies.

3

11. Plaintiff was instructed by supervisors at defendant University Hospitals Physician Services, including Steve Riddle and Sheryl Johnson, to complete that "CMS 8551" forms using the address and telephone numbers for University Hospital Physicians Service's billing department, at which the providers could not be directly contacted.

12. When plaintiff complied with the directives given to her by Steve Riddle and Sheryl Johnson, several CMS 8551 applications that plaintiff completed and submitted were rejected because the agencies processing the applications could not confirm that the providers could be directly contacted at the address and phone numbers provided for defendant University Hospitals Physician Services' billing department. Plaintiff was further directed by the entity processing said applications to provide addresses and phone numbers at which the providers could be directly contacted.

13. When plaintiff confronted management officials at defendant University Hospitals, including Steve Riddle and Sheryl Johnson, regarding the rejection of provider applications because the providers could not be directly contacted, she was instructed to disregard what she had been told and to continue to use the address and telephone numbers for University Hospitals Physicians Service's billing department. When plaintiff did so, provider applications prepared by the plaintiff continued to be rejected and plaintiff continued to be instructed by the entity processing said applications to provide addresses and phone numbers at which the providers could be directly contacted.

14. When plaintiff again confronted her supervisors at defendant University Hospitals Physician Services regarding this matter, including Steve Riddle and Sheryl Johnson, and informed them that she was going to complete the provider applications in the manner that the

entity processing the applications instructed her to, plaintiff was placed on an involuntary administrative leave of absence and instructed to undergo a fitness for duty evaluation.

15. Plaintiff was thereupon notified by defendant University Hospitals Physician Services that she was unfit to work and was ordered to undergo a psychiatric evaluation and a drug and alcohol screening.

16. Plaintiff during all times was mentally and physically capable of performing her job duties for defendant University Hospitals Physician Services.

17. While plaintiff was on involuntary administrative leave and being withheld from service, she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging that she was improperly being regarded as disabled by defendant University Hospitals Physician Services and withheld from performing her job duties.

18. On October 4, 2012, plaintiff notified defendant University Hospitals Physician Services and Steve Riddle and Sheryl Johnson that she had filed the Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

19. On or about October 8, 2012, after receiving copies of the Charge of Discrimination that plaintiff had filed with the U.S. Equal Employment Opportunity Commission, plaintiff met with her supervisors, including Steve Riddle and Sheryl Johnson, regarding returning to work. Defendant University Hospitals Physician Services had actual notice that plaintiff had filed the Charge of Discrimination against defendant University Hospitals Physician Services alleging regarded-as disability discrimination pertaining to her prior removal from service.

20. During said meeting, plaintiff was confronted regarding the manner in which she would prepare the CMS 8851 applications. When plaintiff informed defendant that she would

prepare the forms in the manner required by the CMS Manual System, she was informed that her employment was immediately terminated.

### FIRST CLAIM FOR RELIEF
**(Americans with Disabilities Act, As Amended)**

21. The allegations set forth in Paragraphs 1 through 20 of Plaintiff's Complaint and Jury Demand are incorporated as if fully rewritten herein.

22. The actions of defendant University Hospitals Physician Services described herein constitute unlawful discrimination against the plaintiff on the basis of a perceived disability and further constitute retaliation against the plaintiff for having filed a Charge of Discrimination against defendant University Hospitals, in violation of the Americans with Disabilities Act, as Amended.

23. As a direct and proximate result thereof, plaintiff has sustained economic and other compensatory damages in an amount to be determined at the trial of the within action.

24. The actions of defendant University Hospitals Physician Services were further done with actual malice and deliberate indifference to plaintiff's rights under the Americans with Disabilities Act, as amended, entitling her to recover punitive damages from defendant University Hospitals Physician Services.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against defendant University Hospitals Physician Services, including lost wages, compensatory damages, reinstatement and/or front pay, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
**(Disability Discrimination and Retaliatory Discharge – R.C. Chapter 4112)**

25. The allegations set forth in Paragraphs 1 through 24 are incorporated as if fully rewritten herein.

26. Defendant University Hospitals Physician Services' removal of plaintiff from her employment and subsequent termination of her employment constituted unlawful discrimination on the basis of a perceived disability and retaliation for filing a Charge of Discrimination, in violation of R.C. 4112.02(A) and (I).

27. As a direct and proximate result thereof, plaintiff has sustained economic and other compensatory damages in an amount to be determined at the trial of the within action.

28. The actions of defendant University Hospitals Physician Services were further done with actual malice and deliberate indifference to plaintiff's rights under R.C. 4112.02(A) and (I), entitling her to recover punitive damages from defendant University Hospitals Physician Services.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against defendant University Hospitals Physician Services, including lost wages, compensatory damages, reinstatement and/or front pay, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

s/*Mark P. Herron*
Mark P. Herron (0051998)
75 Public Square, Suite 920
Cleveland, Ohio  44113
(216) 280-2828  FAX (216) 696-0075
Email:  herronlaw@msn.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

                                             s/*Mark P. Herron*  
                                             Mark P. Herron (0051998)  
                                             75 Public Square, Suite 920  
                                             Cleveland, Ohio 44113  
                                             (216) 280-2828 FAX (216) 696-0075  
                                             Email: herronlaw@msn.com

                                             Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I certify that on September 13, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                  s/*Mark P. Herron*  
                                                                   Mark P. Herron (0051998)  
                                                                   75 Public Square, Suite 920  
                                                                   Cleveland, Ohio 44113  
                                                                   (216) 280-2828 FAX (216) 696-0075  
                                                                   Email: herronlaw@msn.com

                                                                   Attorney for Plaintiff