IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA JOHNSON, | ) | CASE NO. 1:13-CV-2012 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS, | ) | |
| | ) | |
| Defendant | ) | |

## MOTION TO STRIKE

Now comes the plaintiff, by and through counsel, and moves this Honorable Court for an order striking the Affirmative Defenses set forth in Paragraphs 30, 31, 32, 34, 38 and 39 of defendant's *Answer to Amended Complaint* (ECF #10) on the grounds that they fail to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. A Brief in Support of this motion is attached hereto and incorporated herein.

s/*Mark P. Herron*
Mark P. Herron (0051998)
75 Public Square, Suite 920
Cleveland, Ohio 44113
(216) 280-2828 FAX (216) 696-0075
email: herronlaw@msn.com

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

 I certify that on October 18, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        *s/Mark P. Herron*_____
        Mark P. Herron (0051998)
        75 Public Square, Suite 920
        Cleveland, Ohio 44113
        (216) 280-2828  FAX (216) 696-0075
        email: herronlaw@msn.com

        Attorney for Plaintiff

## BRIEF IN SUPPORT

## INTRODUCTION

The within action was originally filed in the Cuyahoga County, Ohio, Common Pleas Court by plaintiff Victoria Johnson seeking relief for wrongful termination under the Americans with Disabilities Act, as amended, and Ohio law.  Defendant removed this case to this Court.  Plaintiff has amended her complaint and Defendant filed its *Answer to Amended Complaint* (ECF #10) on October 10, 2013, wherein it raised several "affirmative" defenses.  For the following reasons, the Affirmative Defenses set forth in Paragraphs 30, 31, 32, 34, 38 and 39 of defendant's *Answer to Amended Complaint* should be stricken because they are not in compliance with the pleading requirements established by Rule 8 of the Federal Rules of Civil Procedure, as interpreted by The Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009).

## LAW AND ARGUMENT

Affirmative defenses are pleadings and are subject to the same rules as allegations in a complaint are subject to.  An affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted.  Affirmative defenses that are bare-bones conclusory allegations are insufficient. *See Reis Robotics USA, Inc., v. Concept Industries*, 462 F.Supp.2d 897, 904-905 (N.D. Ill. 2006); *Surface Shields, Inc., v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307 (N.D. Ill. 2003).  Moreover, since affirmative defenses are subject to the same rules as allegations in a complaint are subjected to, they must necessarily comply with the requirements of the United States Supreme Court's recent decisions in *Twombly* and *Iqbal* that an allegation in a pleading state "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and that those "factual allegations must be enough to raise a

1

right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *HCRI TRS Acquirer, LLC v. Iwer*, Case No. 3:09-CV-2691, Memorandum Opinion and Order (N.D. Ohio, April 28, 2010) (Zouhary, J.).

Several of the affirmative defenses plead by defendant simply do not rise to this level. Defendant provides no factual support whatsoever for its defenses of statute of limitations (¶31) unclean hands, estoppel and waiver (¶34). These defenses "are equitable defenses that must be pled with the specific elements required to establish the defense." *Reis Robotics*, 462 F.Supp.2d at 907; *State Farm Mutual Automobile Insurance Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001). "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches.' 'estoppel.' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and [the] Court of the predicate for the claimed defenses – which after all is the goal of notice pleading." *Reis Robotics*, 462 F.Supp.2d at 907; *Surface Shields*, 13 F.R.D. at 308. Because defendant makes no effort to put plaintiff or this Court on notice as to the factual or legal basis for its statute of limitations, unclean hands, estoppel and waiver defenses, it is respectfully submitted that these defenses should be stricken from the record.

The same can be said of many of the other affirmative defenses that have been raised by the defendant. With respect to mitigation of damages (¶39), the defendant has the burden of establishing a failure to properly mitigate damages. To satisfy this burden the defendant must establish that substantially equivalent positions were available to the plaintiff and that the plaintiff failed to exercise reasonable care and diligence in seeking those positions. *Myers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994). Yet, defendant provides no factual support for its failure to mitigate defense that raise the defense beyond a purely speculative

nature.  Accordingly, the defense should be stricken.  *See Surface Shields*, 213 F.R.D. at 308 (striking similarly deficient failure to mitigate defense).

The same is true with respect to defendant's attempt to invoke the after-acquired evidence defense (¶32).  The after-acquired evidence rule bars employers accused of discriminatory conduct from using evidence of an employee's wrongdoing acquired after the adverse employment action as a defense to liability under the anti-discrimination statutes.  It can, however, operate to limit damages.  Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first produce evidence of previously unknown -acquired wrongdoing by the plaintiff prior to the termination, and then establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge.  *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).  Here, however, defendant identifies no alleged previously undiscovered wrongdoing on behalf of plaintiff prior to her termination, much less that any such wrongdoing was so severe that plaintiff would have been terminated for it had defendant known about it prior to plaintiff's termination.  Again, because this defense does not rise beyond the purely speculative and does not give the plaintiff or this Court a legal and factual predicate for understanding the basis for this claimed defense, it should be stricken.

Defendant's claim that the plaintiff failed to exhaust unspecified "administrative prerequisites" (¶30) is also deficient.  Although defendant denies knowledge of it in its Answer, there is no good-faith basis upon which it can dispute that the plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about October 10, 2012, that the plaintiff was issued a Notice of Suit Rights on April 29, 2013, and that she originally filed this case in the Cuyahoga County Common Pleas Court within 90 days of her

receipt of said Notice of Suit Rights. This is all that is legally required with respect to exhaustion of administrative prerequisites for plaintiff's federal claims. There are no mandatory administrative prerequisites required with respect to plaintiff's state law claims. Because defendant does not identify which required administrative remedies it claims plaintiff failed to exhaust, this defense should also be stricken.

Defendant's claim that plaintiff injuries were the result of her own acts or omissions (¶38) is also factually deficient. Although defendant is making reference to actual acts or omissions of the plaintiff, it does not specify what those acts or omissions were. This defense fails to identify any acts or omissions of the plaintiff in a manner sufficiently specific to place the plaintiff and this Court on notice as to what it contends the plaintiff did or did not do that caused her injuries. As such, this defense should be stricken as well.

It is presumed that defendant will respond to this motion by claiming that the pleading standards established by *Twombly* and *Iqbal* should not apply to affirmative defenses, and that it will cite a litany of case law declining to extend *Twombly* and *Iqbal* to affirmative defenses. However, in *Iwer*, supra, Judge Zouhary from this Court recently addressed these same arguments in *Iwer*, *supra*. After considering the same arguments that defendant will make in response to this motion and analyzing the developing body of case law on both sides of this question, Judge Zouhary ultimately sided with those courts holding that both *Twombly* and *Iqbal* apply with equal force to affirmative defenses as they do to complaints.

In reaching that conclusion, Judge Zouhary properly stated that the holding of both *Twombly* and *Iqbal* were designed to eliminate the potential high costs of discovery associated with meritless claims. *Twombly*, 550 U.S. at 558-561; *Iqbal*, 129 S.Ct. at 1950. As Judge Zouhary also observed, however, "boilerplate affirmative defenses that provide little or no

factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints." *Iwer*, *supra*, at 6. "Therefore, both complaints and affirmative defenses should 'provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case.'" *Iwer*, Slip Op. at 6 (quoting *Hayne, v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).

Striking unsupported defenses without prejudice serves this purpose. Yet, by striking the deficient defenses without prejudice, defendant retains the right to re-plead those defenses it actually plans to assert with a sufficient factual predicate that puts the plaintiff and this Court on fair notice of the grounds upon which the defense rests.

The split in authority was even more recently considered by the District Court in *Dodson v. Strategic Restaurants Acquisition Company II, LLC*, Case No. 5-13-0402, Order (E.D. Cal. June 18, 2013). After analyzing numerous decisions going both ways on the issue and the various rationales advanced against applying *Iqbal* and *Twombly* to affirmative defenses, the Court in *Dodson* held that *Iqbal* and *Twombly* apply equally to affirmative defenses. In addressing one argument that defendant here is likely to advance – the relatively limited time that defendants have to serve their answer and affirmative defenses – the *Dodson* court identified three reasons that it was unpersuaded by those concerns. First, the Court observed that "in many cases, the relevant facts supporting affirmative defenses are within the defendant's possession." *Dodson,* slip op. at 13. "Including this information in the answer furthers the goals of (i) placing the plaintiff on notice as to the nature of the affirmative defenses pled, (ii) spurring defendants to omit unsupported and irrelevant defenses, and (iii) ensuring that the parties conduct discovery with a minimum of waste." *Dodson,* slip op. at 14. Second, the Court observed that if discovery later uncovers sufficient facts to support a defense, a defendant may seek leave under Civil Rule

5

15 to amend its answer, setting forth in the request for leave sufficient facts supporting the additional defense. *Dodson,* slip op. at 14. Finally, the *Dodson* court rejected any concern that applying *Iqbal* and *Twombly* to affirmative defenses would lead to repeated motions to amend by noting that because "defendants commonly file serial motions to dismiss, it seems untoward to worry about the possibility that defendants may now file serial motions to amend." *Dodson,* slip op. at 14.

It is also expected that defendant will stress that Motions to Strike are disfavored in the Sixth Circuit and are only to be used sparingly. However, the whole purpose of a motion to strike is to avoid the expenditure of time and money that necessarily arises from litigating spurious issues caused by deficient pleadings by eliminating those issues are the earliest practicable point in the litigation. *See*, *e.g.*, *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial). This rationale is consistent with Judge Zouhary's holding in *Iwer* that "boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints." *Iwer*, slip. op. at 6. Weeding out clearly unnecessary or unsupportable defenses now by striking them without prejudice will serve to streamline the discovery process later. It also will force defendant to provide a plausible factual predicate for those defenses it actually intends to advance in this case.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that this Honorable Court strike without prejudice the Affirmative Defenses set forth in Paragraphs 30, 31, 32, 34, 38 and 39 of defendant's *Answer to Amended Complaint*. Should defendant be allowed leave to replead these

defenses, they should be ordered to do so in a manner that is compliant with the *Twombly* standard.

                                                              Respectfully Submitted,

                                                              s*/Mark P. Herron*_____
                                                               Mark P. Herron (0051998)
                                                               75 Public Square, Suite 920
                                                               Cleveland, Ohio 44113
                                                               (216) 280-2828 FAX (216) 696-0075
                                                               email: herronlaw@msn.com

                                                               Attorney for Plaintiff