UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DODSON,

        Plaintiff,

    v.

STRATEGIC RESTAURANTS
ACQUISITION COMPANY II,
LLC dba BURGER KING
#09937, et al.,

        Defendants.
_____/

NO. CIV. S-13-0402 LKK/EFB

O R D E R

Plaintiff Robert Dodson sues defendant Strategic Restaurants Acquisition Company II, LLC d/b/a Burger King #09937[1] alleging violations of the Americans with Disabilities Act and related California statutes. Plaintiff now moves to strike certain affirmative defenses raised in defendant's answer. This matter was

---

[1] Additional named defendants are BK-Sydran Ventures, LLC and BK-Sydran Holdings, LLC. Neither defendant has appeared, and defendant Strategic Restaurants asserts that "BK-Sydran Ventures, LLC filed bankruptcy in 2005 and ceased to exist. BK-Sydran Holdings, LLC no longer exists. Neither BK-Sydran Ventures, LLC nor BK-Sydran Holdings, LLC has any ownership interest of any kind in the subject property or the operations of the Burger King business at issues." (Answer, ECF No. 6.)

1

originally set for hearing on June 17, 2013, but has been decided based on the papers submitted.

**I. BACKGROUND**

Plaintiff, who is quadriplegic and uses an electric wheelchair, alleges that he encountered barriers that interfered with his ability "to use and enjoy the goods, services, privileges, and accommodations offered at" a Burger King restaurant in Loomis, California. (Complaint ¶¶ 1, 8, 10.) Defendant owns, leases and/or operates this Burger King. (Id. ¶ 7.)

Plaintiff asserts five causes of action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. ("ADA"): (1) denial of "full and equal" enjoyment and use of the facility, 42 U.S.C. § 12182(a); (2) failure to remove architectural barriers in an existing facility, 42 U.S.C. § 12182(b)(2)(A)(iv); (3) failure to design and construct an accessible facility, 42 U.S.C. § 12183(a)(1); (4) failure to make an altered facility accessible, 42 U.S.C. § 12183(a)(2); and (5) failure to modify existing policies and procedures, 42 U.S.C. § 12182(b)(2)(A)(ii).

Plaintiff also asserts derivative state law claims under the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and relevant provisions of the California Health Safety Code.

On April 4, 2013, defendant answered, denying many of plaintiff's factual allegations and raising fourteen affirmative defenses: (1) statute of limitations; (2) unclean hands; (3) accessibility of reasonable portion of facility; (4) good

2

faith; (5) equivalent facilitation; (6) legitimate business purpose; (7) *de minimis* deviations; (8) reliance upon municipal permits/vested rights; (9) lack of standing for injunctive relief; (10) lack of standing due to no injury in fact; (11) lack of Article III standing; (12) further action would fundamentally alter subject facility, is not technically feasible, or is not structurally readily achievable; (13) failure to name necessary parties; and (14) failure to comply with Cal. Civ. Code § 55.53. (Answer, ECF No. 6.)

On April 25, 2013, plaintiff moved to strike all of defendant's affirmative defenses. (ECF No. 9.)

**II. STANDARD RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**A. Should affirmative defenses be subject to a heightened pleading standard?**

Plaintiff herein urges the court to apply the heightened "plausibility" pleading standards, as articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), to its evaluation of defendant's affirmative defenses. The court has not previously been confronted with the question of whether affirmative defenses are subject to Twombly and Iqbal, and the issue is one that is unsettled nationally. See 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure: Civil § 1274 (3d ed. 2013) (hereinafter, "Wright & Miller) ("[C]ourts are in disagreement as to whether the pleading standard articulated in [Twombly] and [Iqbal] extends to the pleading of affirmative defenses").

3

For this court, the question is whether Twombly and Iqbal so undermine the rationale of Wyshak that this court is free to disregard it and apply the necessary effect of subsequent Supreme Court rulings.[2]

District courts have historically applied the "fair notice" standard in evaluating affirmative defenses. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979) (citing Conley v. Gibson, 355 U.S. 41 (1957)). Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based. Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing Conley, 355 U.S. at 47). The pleading of affirmative defenses is generally governed by Federal Rule of Civil Procedure 8;[3] traditionally, the only defenses that were not subject to the fair notice standard were

---

[2] This court recognizes that some courts treat the issue as whether fair notice has been redefined by the subsequent Supreme Court cases. See, e.g., Perez v. Gordon & Wong Law Group, P.C., No. 11-CV-03323-LHK, 2012 WL 1029425, 2012 U.S. Dist. LEXIS 41080 (N.D. Cal. Mar. 26, 2012) ("Thus, in light of Twombly and Iqbal's reconceptualization of fair notice pleading, the Court agrees that '[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply.'[citation]"). However addressed, the issue is whether Wyshak's previous explication still binds district courts.

[3] Hereinafter, the term "Rule" refers to the applicable Federal Rule of Civil Procedure.

4

those "that f[e]ll within the special pleading provisions in Rule 9, especially Rule 9(b), which deals with fraud, mistake, and condition of the mind, or the terms of a federal statute." Wright & Miller § 1274.

The Ninth Circuit has not explicitly addressed the issue, though at least one of the appeals court's published post-Iqbal opinions quotes Wyshak, 607 F.2d at 827, for the proposition that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Simmons v. Navajo Cnty., 609 F.3d 1011, 1023 (9th Cir. 2010) (remanding for determination, on summary judgment, of whether plaintiffs satisfied Arizona's legal standard for notices of claim to a public entity). Simmons stands for the proposition that courts may properly enter judgment for defendants on an affirmative defense, even if it was not pled in the answer, so long as the record demonstrates that plaintiffs were on notice as to the defense during the action and did not suffer prejudice from its omission. Simmons's holding is therefore readily reconciled with Iqbal and Twombly. The latter two cases address the sufficiency of pleading necessary "to raise a reasonable expectation that discovery will reveal evidence" supporting the allegations as pled. Twombly, 550 U.S. at 556. By contrast, Simmons concerns the circumstances under which a defendant can be held to be on notice as to an unpled affirmative defense. Therefore, Simmons does not address the application of Twombly and Iqbal to affirmative defenses. See also Perez v. Gordon & Wong Law Group, P.C.,

5

No. 11-CV-03323-LHK, 2012 WL 1029425, 2012 U.S. Dist. LEXIS 41080 (N.D. Cal. Mar. 26, 2012) (Koh, J.) ("[The Simmons] panel did not have the issue of Rule 8 pleading standards squarely before it, and its citation of Wyshak appeared in a discussion focused on when, not how, to plead an affirmative defense. Moreover, the panel's mere recitation of Wyshak's fair notice standard provides no guidance for the question presented here, which is how to construe what constitutes 'fair notice' to plaintiff post-Iqbal").

District courts within the Ninth Circuit are divided as to whether Twombly and Iqbal apply to affirmative defenses. Opinions requiring that affirmative defenses be pled according to the heightened standard include Anticancer Inc. v. Xenogen Corp., 248 F.R.D. 278 (S.D. Cal. 2007) (Brewster, J.) ("The Court finds that, in this patent infringement action, parties must allege a plausible entitlement to relief in all pleadings, including . . . separate affirmative defenses"); CTF Dev. Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 WL 3517617, 2009 U.S. Dist. LEXIS 99538 (N.D. Cal. Oct. 26, 2009) (Alsup, J.) ("Under the Iqbal standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (Patel, J.) ("The court can see no reason why the same principles applied to pleading claims [in Twombly and Iqbal] should not apply to the pleading of affirmative defenses which are also governed by Rule 8"); Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925 (N.D. Cal. Feb. 2, 2012) (Chen, J.) ("Twombly's

6

rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses"); Dion v. Fulton Friedman & Gullace LLP, No. 11-2727 SC, 2012 WL 160221, 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. Jan. 17, 2012) (Conti, J.) ("Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility . . . a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense"); Powertech Tech., Inc. v. Tessera, Inc., No. C 10-945 CW, 2012 WL 1746848, 2012 U.S. Dist. LEXIS 68711 (N.D. Cal. May 16, 2012) (Wilken, J.) ("Twombly and Iqbal changed the legal foundation underlying the Ninth Circuit's Wyshak decision, and the reasoning in those decisions also applies in the context of affirmative defenses").

That said, a number of Ninth Circuit district courts have held otherwise, many in the context of ADA cases. See Kohler v. Big 5 Corp., No. 2:12-cv-00500-JHN-SPx, 2012 WL 1511748, 2012 U.S. Dist. LEXIS 62264 (C.D. Cal. Apr. 30, 2012) (Nguyen, J.) ("Given the dearth of binding authority on this issue, the Court declines to extend the Twombly/Iqbal pleading standards to affirmative defenses in this case"); Figueroa v. Islands Restaurants, L.P., No. CV 12-00766-RGK, 2012 WL 2373249, 2012 U.S. Dist. LEXIS 89422 (C.D. Cal. Jun. 22, 2012) (Klausner, J.) ("Affirmative defenses need only give plaintiff fair notice of the defense to be sufficiently pled"); Vogel v. Linden Optometry APC, No. CV 13-00295 GAF, 2013

1  WL 1831686, 2013 U.S. Dist. LEXIS 64463 (C.D. Cal. Apr. 30, 2013)
2  (Feess, J.) ("[T]he well established [fair notice] standard
3  descrobed [*sic*] in Wyshak continues to apply"); Kohler v. Staples
4  the Office Superstore, LLC, __ F.R.D. __, 2013 WL 544058, 2013 U.S.
5  Dist. LEXIS 18995 (S.D. Cal. 2013) (Whelan, J.) ("Absent further
6  direction, this Court declines to extend the Twombly/Iqbal pleading
7  standards to affirmative defenses").

8      Of the judges to consider the issue within this judicial
9  district, at least one has chosen to apply the Twombly/Iqbal
10 standard to affirmative defenses. See Wine Group, LLC v. L. & R.
11 Wine Co., No. 10-CV-02204 MCE-KJN, 2011 WL 130236, 2011 U.S. Dist.
12 LEXIS 5765 (E.D. Cal. Jan. 14, 2011) (England, J.) ("Because the
13 heightened pleading standard now applies, an affirmative defense
14 must be plausible on its face"). Three others have explicitly
15 declined to address the issue. See J & J Sports Prods., Inc. v.
16 Gidha, No. 10-CV-02509-KJM-KJN, 2012 WL 537494, 2012 U.S. Dist.
17 LEXIS 20427 (E.D. Cal. Feb. 17, 2012) (Mueller, J.) ("This court
18 also declines to reach the issue of whether the heightened pleading
19 standard applies to defendants' answer because, as set forth below,
20 the challenged affirmative defenses do not meet the lower pleading
21 standard set forth in Wyshak"); Botell v. U.S.,
22 No. 11-cv-01545-GEB-GGH, 2012 WL 1027270, 2012 U.S. Dist. LEXIS
23 41172 (E.D. Cal. Mar. 26, 2012) (Burrell, J.) ("[T]he parties'
24 dispute concerning the applicable standard need not be resolved
25 since even if the lesser pleading standard applies, the motion will
26 be granted in part and denied in part for the reasons stated

below"); Joe Hand Promotions, Inc. v. Dorsett, No. 12-CV-1715-JAM-EFB, 2013 WL 1339231, 2013 U.S. Dist. LEXIS 48464 (Mendez, J.) (E.D. Cal. Apr. 3, 2013) ("The Court declines to reach the issue of whether to apply the heightened pleading standard in ruling on Plaintiff's Motion to Strike Defendants' Affirmative Defenses because it is not necessary to resolve the pending Motion").

Given the diversity of views on the issue and the absence of any binding authority, the court finds that it must make its own determination on the question.

The court begins by noting that, in its view, neither Twombly nor Iqbal appears to adhere to the plain language of the Federal Rules of Civil Procedure.[4] But as the court is bound to follow

---

[4] To state the obvious, most post-Twombly/Iqbal complaints no longer feature "a short and plain statement of the claim showing that the pleader is entitled to relief," as directed by Rule 8(a)(2). As can be seen by reading the majority opinion and Justice Souter's dissent in Iqbal, "plausibility" lies largely in the eye of the beholder, and in general, plaintiffs do not know what a judge will find plausible. As a result, despite the Supreme Court's admonishment that "[h]ere . . . we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 569, plaintiffs drafting complaints now routinely set out virtually every pre-discovery fact in their possession in the hopes that they might survive the inevitable motion to dismiss. This is a rational course of action, given that, according to the Federal Judicial Center, motions to dismiss have become twice as common in the wake of Iqbal, and defendants prevail on these motions much more often than they did previously. See Lonny Hoffman, "Twombly and Iqbal's Measure: An Assessment of the Federal Judicial Center's Study of Motions to Dismiss," 6 Fed. Cts. L. Rev. 1, 7 (2012), which notes that:
> After Iqbal, a plaintiff was twice as likely to face a motion to dismiss as compared with the period before Twombly, a marked increase in the rate of Rule 12(b)(6) motion activity from the steady filing rate observed

9

Supreme Court precedent, the issue, then, is whether the reasoning of <u>Twombly</u> and <u>Iqbal</u> extends to the pleading of affirmative defenses.

As set forth in <u>Iqbal</u>:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in <u>Twombly</u>, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

<u>Iqbal</u>, 557 U.S. at 677-8 (internal citations omitted). Here, the Supreme Court relies on Rule 8(a)(2). Rule 8(b)(1)(A), which provides, "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it," is similarly worded. Some courts have drawn a distinction between Rule 8(a)'s requirement that the statement of the claim "show[] that the pleader is entitled to relief," and the absence of an equivalent phrase in Rules 8(b)(1) and 8(c). <u>See</u>, <u>e.g.</u>, <u>Kohler v. Staples the Office Superstore, LLC</u>, __ F.R.D. __ at n.6, 2013 WL

---

over the last several decades. As for dismissal orders, the FJC found that in every case category that was examined there were more orders granting dismissal after <u>Iqbal</u> than there were before <u>Twombly</u>, both with and without prejudice. Most importantly, in every case category examined it was more likely that a motion to dismiss would be granted.

10

1  544058, 2013 U.S. Dist. LEXIS 18995 (S.D. Cal. 2012). This reading
2  appears unduly restrictive. As this court has previously noted,
3  "Affirmative defenses plead matters extraneous to the plaintiff's
4  prima facie case, which deny plaintiff's right to recover, even if
5  the allegations of the complaint are true." Fed. Deposit Ins. Corp.
6  v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (Karlton,
7  J.) (citing Gomez v. Toledo, 446 U.S. 635, 640-41 (1980)). In light
8  of Iqbal, in order to adequately "state . . . its defenses to each
9  claim asserted against it" under Rule 8(b)(1), a party must allege
10 "sufficient factual matter, accepted as true," 556 U.S. at 678, to
11 demonstrate that plaintiff lacks a right of recovery. To hold
12 otherwise would permit defendants to merely plead "labels and
13 conclusions" or "a formulaic recitation of the elements of" an
14 affirmative defense, Twombly, 550 U.S. at 555, and in so doing,
15 undermine the rationale of Twombly and Iqbal. Accordingly, to the
16 extent that the heightened pleading standard announced by these
17 cases is based on the wording of Rule 8, a sufficient textual basis
18 lies in Rule 8(b)(1) for extending their holdings to the pleading
19 of affirmative defenses.

20      The principal policy consideration underlying the "plausible
21 on its face" pleading standard appears to be a desire to avoid
22 imposing the burdens of discovery on defendants unnecessarily. This
23 desire is evidenced by statements such as, "Rule 8 marks a notable
24 and generous departure from the hyper-technical, code-pleading
25 regime of a prior era, but it does not unlock the doors of
26 discovery for a plaintiff armed with nothing more than

11

conclusions," id. at 678-9, and, "[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we hope to avoid the potentially enormous expense of discovery in cases with 'no reasonably founded hope that the [discovery] process will reveal relevant evidence' . . . ." Twombly, 550 U.S. at 556, 559 (internal citation omitted).[5]

As many courts have recognized, this policy consideration – refraining from unnecessarily imposing the costs and burdens of discovery – weighs equally in favor of requiring defendants to plead only plausible affirmative defenses. See, e.g., Barnes, 718 F. Supp. 2d at 1172 ("Applying the [Twombly/Iqbal] standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted"). If a defendant cannot articulate the reasons that affirmative defenses apply to a dispute, it is costly, wasteful, and unnecessary to force plaintiffs to conduct discovery into those defenses. Moreover, as Judge Koh has pointed out, just as plaintiffs bear the burden of proof on their claims, defendants bear the burden of proof on their affirmative defenses. Perez, 2012 WL 1029425 at *7, 2012 U.S. Dist. LEXIS 41080 at *21. Applying the

---

[5] The Supreme Court also expressed concern about the burdens of unfounded litigation on the courts, writing, e.g., "[W]hen the allegations in a complaint . . . could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (internal quotation and citation omitted).

12

plausibility standard to affirmative defenses is therefore "consistent with Iqbal's admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial." Id., 2012 WL 1029425 at *8, 2012 U.S. Dist. LEXIS 41080 at *26.

The principal rationale advanced by those courts which have declined to extend the Iqbal/Twombly pleading standard to affirmative defenses is that, under Rule 12(a)(1), defendants generally have only twenty-one days to serve an answer. As one of these courts has noted:

> [P]ractical and judicial economy considerations further support application of the traditional pleading standard for affirmative defenses. From a practical point of view, a plaintiff may investigate a potential claim for weeks, months, or even years before filing a complaint. To expect a defendant to investigate and to adequately prepare an answer containing all relevant affirmative defenses within 21 days of service of the complaint . . . would seem to be unrealistic in most cases, subject to the nature and complexities of each case. Further, a heightened pleading standard may require the court to address multiple motions to amend the answer as discovery reveals additional defenses.

Meas v. CVS Pharmacy, Inc., No. 11cv0823 JM, 2011 WL 2837432 at *3, 2011 U.S. Dist. LEXIS 76276 at *9 (S.D. Cal. Jul. 14, 2011) (Miller, J.).

This court is unpersuaded for at least three reasons. First, in many cases, the relevant facts supporting affirmative defenses *are within the defendant's possession*. For example, in disputes concerning disability access, such as the instant matter, defendants ought to be fully aware of and able to allege the

13

equivalent facilitation available to disabled patrons, the building codes upon which they have relied, the reasons why architectural modifications may not be readily achievable, and other facts which support the affirmative defenses alleged in their answer. Including this information in the answer furthers the goals of (i) placing the plaintiff on notice as to the nature of the affirmative defenses pled, (ii) spurring defendants to omit unsupported and irrelevant defenses, and (iii) ensuring that the parties conduct discovery with a minimum of waste. Second, if a defendant must omit an affirmative defense for lack of the necessary factual support, it may do so secure in the knowledge that the Ninth Circuit has "liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading." Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984) (citation omitted); see also Simmons, 609 F.3d at 1023 (citing Rivera for this proposition). If discovery reveals evidence supporting additional affirmative defenses, defendants may freely seek leave from the court to amend their answers. As Wright and Miller note, "Given that the defendant may amend the answer to assert an omitted affirmative defense on the written consent of the adverse party or by leave of the district court, imposition of the plausibility standard is not overly burdensome. The defendant may state a plausible defense after facts become available." Wright & Miller § 1274. Finally, given that, as a result of Twombly and Iqbal, defendants commonly file serial motions to dismiss, it seems untoward to worry about the possibility that defendants may now file serial motions to amend.

To sum, for the reasons set forth above, the court finds that affirmative defenses are subject to the heightened pleading standards announced in Twombly and Iqbal. Therefore, in evaluating the instant motion to strike affirmative defenses under Rule 12(f), the court will apply the following standard.

**B. Applicable Standard**

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is properly granted if it will make trial less complicated or else eliminate delay, serious risks of prejudice to the moving party, or confusion of the issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by 510 U.S. 517 (1994).

Under Rule 8(b)(1)(A), "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Affirmative defenses "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640–41 (1980)).

An affirmative defense may be stricken as insufficient either as a matter of law or as a matter of pleading. Kohler, 280 F.R.D. at 564. Legal insufficiency means that the affirmative defense lacks merit "under any set of facts the defendant might allege."

15

McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1150 (N.D. Cal. 2009), rev'd on other grounds by 474 Fed. Appx. 515 (2012). Pleading insufficiency means a failure to provide the plaintiff with fair notice. Kohler, 280 F.R.D. at 565.

In pleading an affirmative defense, a party must give "fair notice of what the [affirmative defense] is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To meet this requirement, each affirmative defense must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This court "must accept as true all of the factual allegations contained in the [answer]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at 664.

After identifying the non-conclusory factual allegations, the court determines whether these allegations, taken as true and construed in the light most favorable to the defendant, plausibly establish that plaintiff has no right to recovery. Iqbal, 556 U.S. at 664. "Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the allegations "allow[] the court to draw the reasonable inference that the defendant is [not] liable for the misconduct alleged." Iqbal, 556 U.S. at 663.

16

1  If the court determines that an affirmative defense is
2 insufficiently pled, it may strike the defense and require the
3 defendant to file an amended pleading that includes more specific
4 allegations. Leave to amend will be freely granted so long as no
5 prejudice results to the moving party.
6 **III. ANALYSIS**
7  Plaintiff urges the court to strike all fourteen of
8 defendant's affirmative defenses as insufficiently pled under
9 Twombly and Iqbal. Plaintiff's position is well-taken. With one
10 exception (discussed below), none of the affirmative defenses are
11 pled with sufficient particularity to give the plaintiff fair
12 notice of their grounds. While each defense recites a legal
13 conclusion, the Answer lacks any factual allegations demonstrating
14 that the defenses are plausible on their face. For example,
15 defendant's second affirmative defense fails to identify any action
16 by plaintiff giving rise to "unclean hands." In its thirteenth
17 affirmative defense, defendant fails to identify any "necessary and
18 indispensable parties" that plaintiff has failed to name in its
19 complaint.[6] Further, defendant has failed to allege any facts
20 supporting those affirmative defenses which would excuse the
21 alleged lack of disability access: its third (reasonable portion
22 of facility accessible), fourth (good faith), fifth (equivalent

---

[6] Defendant counters that this defense is expressly authorized by Rule 12(b)(7). Plaintiff has the better of this argument. While Rule 12(b)(7) does allow a party to assert, as a defense, a plaintiff's failure to join a required party under Rule 19, this does not justify omitting facts that would provide the plaintiff with fair notice of who these parties may be.

17

facilitations), sixth (legitimate business purpose), seventh (*de minimis* deviations), eighth (reliance upon municipal permits/vested rights), and twelfth (not readily or likely achievable) affirmative defenses.

A number of the affirmative defenses are also inadequate in that they fail to provide notice of the specific statute, regulation, or other legal authority on which defendant is relying. These include defendant's fourteenth defense ("failure to comply with the substantive and procedural requirements of Civil Code §§ 54 *et seq*."), as well as its third, fourth, fifth, sixth, seventh, eighth, and twelfth defenses, discussed above.

Finally, defendant's ninth (lack of standing for injunctive relief), tenth (lack of standing due to no injury in fact), and eleventh (lack of Article III standing) "affirmative defenses" are actually negative defenses. "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). As standing is an element of plaintiff's prima facie case, it is properly addressed through denial or a motion to dismiss.

The only affirmative defense that is adequately pled is the first affirmative defense (statute of limitations). As plaintiff has failed to allege in his complaint the date(s) on which the alleged violations occurred, defendant cannot be expected to articulate the statutes of limitations that may bar plaintiff's claims.

18

**IV. CONCLUSION**

The court orders as follows:

[1] Plaintiff's motion to strike affirmative defenses (ECF No. 9) is GRANTED without prejudice as to all of defendant's affirmative defenses except the first, as to which the motion is DENIED.

[2] Defendant is DIRECTED to file an amended answer no more than twenty-one (21) days after entry of this order.

IT IS SO ORDERED.

DATED: June 17, 2013.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

19