# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA JOHNSON, | ) | CASE NO. 1:13 CV 2012 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | FIRST AMENDED ANSWER TO AMENDED |
| UNIVERSITY HOSPITALS PHYSICIAN SERVICES, | ) | COMPLAINT |
| | ) | |
| | ) | (Jury Demand Endorsed Hereon) |
| Defendant. | ) | |

Defendant University Hospitals Physician Services ("UHPS"), by and through undersigned counsel, answers the allegations in Plaintiff's Amended Complaint as follows:

## JURISDICTION

1. In answer to Paragraph 1 of the Amended Complaint, UHPS admits that jurisdiction over Plaintiff's claims is proper, but UHPS denies engaging in any activity which gives rise to any claims for relief.

2. In answer to Paragraph 2 of the Amended Complaint, UHPS admits only that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission but further answering UHPS is without knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in Paragraph 2 of the Amended Complaint and therefore denies them.

## VENUE

3. In answer to Paragraph 3 of the Amended Complaint, UHPS admits that venue over Plaintiff's claims is proper, but UHPS denies engaging in any activity which gives rise to any claims for relief.

## THE PARTIES

4. In answer to the first sentence of Paragraph 4 of the Amended Complaint, UHPS admits that Plaintiff was employed by UHPS as a Provider Enrollment Specialist. The second sentence of Paragraph 4 of the Amended Complaint requires no answer because it states legal conclusions, but, further answering, to the extent any fact is alleged, UHPS denies the allegations contained in the second sentence of Paragraph 4.

5. In answer to the first sentence of Paragraph 5 of the Amended Complaint, UHPS admits that UHPS is a non-profit corporation organized and existing under the laws of Ohio. The second sentence of Paragraph 5 of the Amended Complaint requires no answer because it states legal conclusions, but, further answering, to the extent any fact is alleged, UHPS denies the allegations contained in the second sentence of Paragraph 5.

## ANSWER TO FACTUAL ALLEGATIONS

6. In answer to Paragraph 6 of the Amended Complaint, UHPS incorporates by reference, as if fully rewritten herein, all prior responses of this Answer.

7. UHPS denies the allegations contained in Paragraph 7 of the Amended Complaint.

8. UHPS admits the allegations contained in Paragraph 8 of the Amended Complaint, except UHPS denies that Plaintiff's promotion was in September of 2011.

9. In answer to Paragraph 9 of the Amended Complaint, UHPS admits only that a significant portion of Plaintiff's job involved preparing and submitting applications to Medicare on behalf of medical treatment providers including completing CMS 855-I forms, which is the Medicare Enrollment Application for physician and non-physician practitioners, but further answering, UHPS denies all the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10. UHPS denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. In answer to Paragraph 11 of the Amended Complaint, UHPS admits only that Plaintiff and all other Provider Enrollment Specialists were instructed by supervisors, including Steve Riddle and Sheryl Johnson, to complete the CMS 855-I forms using their office phone numbers at UHPS, but further answering, UHPS denies all remaining allegations contained in Paragraph 11 of the Amended Complaint.

12. UHPS denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. UHPS denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. UHPS denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. UHPS denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. UHPS denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. In answer to Paragraph 17 of the Amended Complaint, UHPS admits only that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, but further answering, denies all the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. UHPS denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. UHPS denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. In answer to Paragraph 20 of the Amended Complaint, UHPS admits only that on October 8, 2012, Plaintiff informed Christina Morrison and Angelique Sunagel that she refused and would not complete the CMS 855-I Medicare Enrollment Applications as instructed by her supervisors, that Plaintiff was offered 24 hours to reconsider, Plaintiff refused the additional time and Plaintiff's employment was thereafter terminated, but further answering, UHPS denies all the remaining allegations contained in Paragraph 20 of the Amended Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

21. In answer to Paragraph 21 of the Amended Complaint, UHPS incorporates by reference, as if fully rewritten herein, all prior responses of this Answer.

22. UHPS denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. UHPS denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. UHPS denies the allegations contained in Paragraph 24 of the Amended Complaint.

UHPS denies that Plaintiff is entitled to the relief prayed for in the Paragraph beginning with "WHEREFORE" contained in Plaintiff's First Claim for Relief.

## ANSWER TO SECOND CLAIM FOR RELIEF

25. In answer to Paragraph 25 of the Amended Complaint, UHPS incorporates by reference, as if fully rewritten herein, all prior responses of this Answer.

26. UHPS denies the allegations contained in Paragraph 26 of the Amended Complaint.

27. UHPS denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. UHPS denies the allegations contained in Paragraph 28 of the Amended Complaint.

UHPS denies that Plaintiff is entitled to the relief prayed for in the Paragraph beginning with "WHEREFORE" contained in Plaintiff's Second Claim for Relief.

## DEFENSES

29. The Amended Complaint fails to state a claim upon which relief can be granted against UHPS.

30. Plaintiff's claims are barred to the extent she failed to follow the administrative prerequisites for the filing of her Amended Complaint, including but not limited to, Plaintiff's failure to include all the claims asserted in the Amended Complaint in her administrative charge.

31. Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, Plaintiff's failure to timely file an administrative charge that included all claims included in the Amended Complaint.

32. Plaintiff's claims are subject to the after-acquired evidence doctrine, including but not limited to, the fact that UHPS discovered that Plaintiff was conducting her own private real estate business during her work hours.

33. UHPS did not cause any of the damages allegedly suffered by Plaintiff.

34. The claims set forth in the Amended Complaint are barred by the doctrine of unclean hands, estoppel, waiver and/or other behavior by Plaintiff, including but not limited to Plaintiff's insubordination, unwillingness to perform her job duties as instructed, sleeping and/or being drowsy while working, and engagement in her own private real estate business while at work for UHPS.

35. Any employment actions taken with respect to Plaintiff were taken for legitimate, non-retaliatory and non-discriminatory business reasons, in good faith, without malice, and in a fair and equitable manner so as to bar the claims asserted in Plaintiff's Amended Complaint.

36. There was no negligence, gross negligence, misconduct, willful misconduct or malice (actual, legal or otherwise) on the part of UHPS as to Plaintiff.

37. Plaintiff's damages are not recoverable because they are remote and speculative.

38. To the extent Plaintiff was injured, which UHPS denies, Plaintiff's injuries were caused, in full or in part, by her own conduct and her own acts, omissions and/or breach of duty, including but not limited to Plaintiff's insubordination, unwillingness to perform her job duties as instructed, sleeping and/or being drowsy while working, and engagement in her own private real estate business while at work for UHPS.

39. Plaintiff's claims are barred, in full or in part, by any failure on her part to mitigate her damages, including Plaintiff's failure to pursue comparable employment and/or sell sufficient real estate or in other ways obtain income that is comparable to her income from UHPS.

40. UHPS would have taken the same actions regardless of Plaintiff's alleged disability or perceived disability.

41. UHPS would have taken the same actions regardless of any exercise by Plaintiff of her rights under state and federal law.

42. UHPS acted at all times without intent to discriminate or retaliate against Plaintiff or interfere with her rights.

43. UHPS acted at all times in a good faith effort to comply with all relevant state and federal laws and with its own policies.

44. The damages as alleged are limited by Ohio statutory law.

45. UHPS hereby gives notice that it intends to rely on defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any such defenses as they become available.

WHEREFORE, having fully answered, UHPS requests that the Amended Complaint be dismissed with prejudice and that UHPS be granted its costs, expenses and such other and further relief as this Court deems just and equitable.

        Respectfully submitted,

        */s/ Donald C. Bulea*
        Kerin Lyn Kaminski (0013522)
        Donald C. Bulea (0084158)
        GIFFEN & KAMINSKI, LLC
        1300 East Ninth Street, Suite 1600
        Cleveland, Ohio 44114
        Telephone: (216) 621-5161
        Facsimile: (216) 621-2399
        E-mail: kkaminski@thinkgk.com
           dbulea@thinkgk.com
        ***Counsel for Defendant University Hospitals Physician Services***

## JURY DEMAND

UHPS hereby demands a trial by the maximum number of jurors permitted by law as to all issues in this action.

        */s/ Donald C. Bulea*
        ***Counsel for Defendant University Hospitals Physician Services***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2014, a copy of the foregoing *First Amended Answer to Amended Complaint* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system upon the following Parties:

Mark P. Herron, Counsel for Plaintiff Victoria Johnson at herronlaw@msn.com.


        */s/ Donald C. Bulea*_____
        Kerin Lyn Kaminski (0013522)
        Donald C. Bulea (0084158)
        ***Counsel for Defendant University Hospitals Physician Services***