IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA JOHNSON, | ) | CASE NO. 1:13-CV-2012 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS | ) | |
| PHYSICIAN SERVICES, | ) | |
| | ) | |
| Defendant | ) | |

## MOTION TO STRIKE REPLY BRIEF

Now comes plaintiff, by and through counsel, and moves this Honorable Court for an order striking those portions of the defendant's Reply Brief in Support of Motion for Summary Judgment raising the "honest belief" defense on the grounds that the defendants waived the defense by not pleading it.  A Brief in Support of this Motion is attached hereto and incorporated herein.

s/*Mark P. Herron*
Mark P. Herron (0051998)
75 Public Square, Suite 920
Cleveland, Ohio  44113
(216) 280-2828  FAX (216) 696-0075
email: herronlaw@msn.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

     I certify that on July 29, 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                s/*Mark P. Herron*_____
Mark P. Herron (0051998)
75 Public Square, Suite 920
Cleveland, Ohio  44113
(216) 280-2828  FAX (216) 696-0075
email: herronlaw@msn.com

Attorney for Plaintiff

## **BRIEF IN SUPPORT**

Plaintiff moves this Honorable Court for an order striking from the record those portions of the defendant's Reply Brief in Support of Motion for Summary Judgment (ECF No. 37) wherein defendants allege (for the ***first*** time in this litigation) that plaintiff's claims are barred by the "honest belief" defense. Because defendant did not raise this defense in its opening summary judgment brief and did not plead it in any of the three answers and amended answers that it has previously filed in this case (ECF Nos. ___, ___ and ___), defendant has waived the defense.

In accordance with Rule 8(b)(1)(A) of the Federal Rule of Civil Procedure, a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it." Rule 8(c)(1) in turn states that a defendant "must affirmatively state any avoidance or affirmative defense." Failure of a defendant to plead an affirmative defense in its answer generally results in waiver and exclusion from the action. *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988). A party must first raise its affirmative defenses in a responsive pleading (i.e., in its answer) before it may raise them in a summary judgment motion. See *Gilbert v. Napolitano*, 670 F.3d 258, 260-261 (D.C. Cir. 2012).

Although the "honest belief" defense is not among those enumerated in the non-exhaustive list of affirmative defenses in Civil Rule 8(c), Sixth Circuit precedent treats it as an affirmative defense, allowing an employer a last shot at avoiding liability even if the plaintiff can demonstrate pretext. In *Clay v. United Parcel Services*, 501 F.3d, 695 714-715 (6th Cir. 2007), the Sixth Circuit described the "honest belief" defense as follows:

> The honest-belief rule is, in effect, one last opportunity for the defendant to prevail on summary judgment. The defendant may rebut the plaintiff s evidence of pretext, by demonstrating that the defendant's actions, while perhaps "mistaken, foolish, trivial, or baseless," were not taken with discriminatory intent. We give the defendant an opportunity to show that its intent was pure, because "the focus of a discrimination suit is on the intent of the employer. If the

employer honestly, albeit mistakenly, believes in the non-discriminatory reason it relied upon in making its employment decision, then the employer arguably lacks the necessary discriminatory intent."

By definition, the Sixth Circuit treats the "honest belief" defense as a manner in which employers can avoid liability for discrimination; as such it constitutes an "avoidance" under the meaning of Rule 8(c) and therefore is waived if not properly plead.

This case was filed in Common Pleas Court on July 26, 2013, and removed to this Court on September 11, 2013.  Defendant filed its initial answer on September 12, 2013 (ECF No. 5) wherein it did not plead the "honest belief" defense.  Plaintiff amended her complaint on September 26, 2013 (ECF No. 9) to name the proper employer-defendant.  Defendant answered the Amended Complaint on October 10, 2013 (ECF No. 10) and again did not plead the "honest belief" defense.  Defendant filed an Amended Answer to the Amended Complaint on April 25, 2014 (ECF No. 23) but again did not raise the "honest belief" defense.  Despite getting three bites at the responsive-pleading apple, defendant never asserted an entitlement to the "honest belief" defense.  Nor did defendant raise the issue in their opening summary judgment brief (ECF No. 27).  Instead, they raised the issue for the very first time in their reply brief (ECF No. 37).  Consistent with *Haskill* and *Gilbert*, this is improper and those portions of the reply brief dealing with the issue must be stricken and the defense deemed waived.

                   Respectfully Submitted,

                   s/*Mark P. Herron*_____
                   Mark P. Herron (0051998)
                   75 Public Square, Suite 920
                   Cleveland, Ohio  44113
                   (216) 280-2828  FAX (216) 696-0075
                   email: herronlaw@msn.com

                   Attorney for Plaintiff